IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| RANDY JIMENEZ JR., <br><br>       Plaintiff, <br><br> v. <br><br> MARLIN FIREARMS, f/k/a THE MARLIN FIREARMS COMPANY; REMINGTON ARMS COMPANY, LLC;  IOWA SHOOTING SPORTS, INC. <br><br>       Defendants. | CASE NO: 4:11-cv-00571 <br><br><br> AMENDED COMPLAINT |

COMES NOW, the Plaintiff Randy Jimenez Jr., by and through his attorney, Jeffrey M. Lipman of Lipman Law Firm, P.C., located at 8450 Hickman Road, Suite 16, Clive, Iowa 50325, and for this cause of action, states:

## I.      INTRODUCTION

1.      That this is an action brought by Randy Jimenez Jr. (hereinafter "Plaintiff") for damages arising from the use of a defective product designed and manufactured by Remington Arms Company, LLC (hereinafter "Remington"). Remington is a limited liability company registered with the State of Delaware and does business within the State of Iowa. Marlin Firearms, formerly known as The Marlin Firearms Company (hereinafter "Marlin Firearms") is a division of Remington under whose name firearms manufactured by Remington are sold. Plaintiff's father, Randy Jimenez Sr., purchased a Marlin Firearm's 1895 - 45/70 Cal Lever Action Rifle (hereinafter "1895 Rifle") from RR Sales on April 22, 2011. On April 27, 2011 Plaintiff and Mr. Jimenez Sr. went to the father's firing range, Central Iowa Shooting Sports, Inc.

(hereinafter "Iowa Shooting"). On said day, Plaintiff fired the rifle, and due to Remington's design and manufacturing of the rifle, it exploded causing severe injuries to Plaintiff's left hand. Plaintiff brings this action for compensatory damages, court costs and any other further relief as the court deems equitable and any and other just compensation.

## II.    PARTIES

2.      That Plaintiff, Randy Jimenez Jr., at all material times hereto, was a resident of the State of Iowa and resided at 15966 Quebec Street, Indianola, IA 50125-8651.

3.      That Defendant, Remington Arms Company, LLC, at all material times hereto, was a corporation registered with the State of Delaware, whose business address is listed as 870 Remington Drive, PO Box 700 in Madison, North Carolina 27025. Remington is a national manufacturer of firearms who products are sold to and distributed within the State of Iowa.

4.      That Defendant, Marlin Firearms, formerly known as The Marlin Firearms Company, is an unincorporated business whose name is used on the 1895 Rifle at issue in the distribution and selling of such product. Their listed address is 100 Kenna Drive, North Haven, CT 06473.

5.      That Defendant, Central Iowa Shooting Sports, Inc., at all material times hereto, was a corporation registered in the State of Iowa, whose business address is 19444 Highway 65, Indianola, Iowa 50125. Iowa Shooting is a firing range whose business is located in Warren County.

## III.    JURISDICTION AND VENUE

6.      That the issue of removal based upon diversity jurisdiction is an issue that cannot be appropriately determined until Iowa Shooting files an Answer.

7.      That the amount in controversy would exceed $75,000.00 for purposes of 28 U.S.C. § 1332.

### IV.      STATEMENT OF MATERIAL FACTS

8.      That Plaintiff repleads the allegations contained in paragraphs one (1) through seven (7) above and by this reference incorporates the same as if fully set forth herein.

9.      That Randy Jimenez Sr. is Plaintiff's father, a certified National Rifle Association instructor.

10.      That on or about the day of April 27, 2011 Plaintiff traveled to Mr. Jimenez Sr.'s property located at 19444 Highway 65, Indianola, Iowa 50125 in order to assist him in sighting and shooting a new 1895 Rifle Mr. Jimenez Sr. had purchased.

11.      That Mr. Jimenez Sr. purchased the 1895 Rifle in question from RR Sales on April 22, 2011.

12.      That the 1895 Rifle was designed and manufactured by Remington.

13.      That the 1895 Rifle was distributed and sold under the name of Marlin Firearms, or The Marlin Firearms Company.

14.      That Mr. Jimenez Sr. owns Iowa Shooting, the firing range located on his 19444 Highway 65 property.

15.       That Plaintiff is an experienced rifleman, having been shooting since he was a young child and assisting his father with loading and reloading ammunition since he was four (4) or five (5) years of age.

16.     That Plaintiff has helped Mr. Jimenez Sr. sight a rifle at least twenty (20) times in the past.

17.     That prior to, or during the incident, neither Plaintiff nor Mr. Jimenez Sr. had consumed any alcohol or drugs.

18.     That Plaintiff and Mr. Jimenez Sr. went to Iowa Shooting with the 1895 Rifle.

19.     That Plaintiff and Mr. Jimenez Sr. were wearing proper safety equipment, including ear and eye protection.

20.     That Plaintiff loaded the rifle, placing four (4) shells of ammunition in the tube, then actioned the rifle and placed a fifth shell in the tube.

21.     That Plaintiff fired the 1895 Rifle five (5) times without incident.

22.     That Plaintiff again reloaded the 1895 Rifle with five (5) shells.

23.     That Mr. Jimenez Sr. fired five (5) times without incident.

24.     That both Plaintiff and Mr. Jimenez Sr. were missing the targets by a few inches.

25.     That in order to help steady the gun, after reloading Plaintiff set up a bench and placed a sandbag on top of the bench in order to rest the 1895 Rifle upon.

26.     That Plaintiff steadied the 1895 Rifle upon the sandbag, placing his right hand upon the trigger and the left hand directly in front of the trigger housing to secure the weapon.

27.     That Plaintiff fired the 1895 Rifle, whereby it exploded doing serious injury to his left hand.

28.     That the force of the explosion propelled Plaintiff back into his chair and the 1895 Rifle plummeted to the ground.

29.     That after seeing the seriousness of the injury to Plaintiff's hand, Mr. Jimenez Sr. told Plaintiff to calmly walk back to the house.

30.     That to the best of his ability Plaintiff calmly walked back to Mr. Jimenez Sr.'s house.

31.     That Plaintiff did not enter the house as to make his removal from the premises easier for the paramedics.

32.     That Mr. Jimenez Sr. contacted 911 for emergency assistance.

33.     That at Mr. Jimenez Sr.'s home Plaintiff squeezed his left wrist with his right hand in order to stem the flow of blood.

34.     That Plaintiff's mother helped place a tourniquet on Plaintiff's left bicep to help stem the flow of blood.

35.     That the paramedics arrived at the scene to help assist Plaintiff and help continue to keep him calm.

36.     That the explosion of the 1895 Rifle caused serious injury to Plaintiff's left hand, specifically his thumb and index finger.

37.     That Plaintiff, to this day, suffers immobility and numbness in his left thumb and index finger.

38.     That Plaintiff's physician has stated he will not fully recover and he continues to be prohibited to return to work.

39.     That Plaintiff took all proper precautions and there was nothing further Plaintiff could have done to prevent his injuries.

## V.      COUNT I - STRICT LIABILITY OF DEFECTIVE PRODUCT
### Defective Condition Unreasonably Dangerous

40.      That Plaintiff repleads the allegations contained in paragraphs one (1) through thirty-nine (39) above and by this reference incorporates the same as if fully set forth herein.

41.      That Remington manufactured and was engaged in the manufacturing of the 1895 Rifle purchased by Mr. Jimenez Sr.

42.      That the 1895 Rifle sold to Mr. Jimenez Sr. was defective.

43.      That the defective condition of the 1895 Rifle was unreasonably dangerous in its normal and intended use by the user.

44.      That Remington expected the 1895 Rifle to reach the user without substantial change in the condition in which it is sold.

45.      That injuries were sustained by Plaintiff due to the use of the 1895 Rifle.

46.      That the 1895 Rifle's unreasonably dangerous defective condition was a direct and proximate cause of Plaintiff's injuries.

47.      That Plaintiff requests a trial by jury on Count I of his Petition.

WHEREFORE, Plaintiff respectfully requests this court proceed with Count I of his Petition against Defendant Remington for a trial by jury providing for compensatory damages, court costs, and any other further relief as the court deems equitable and any and other just compensation.

## VI.      COUNT II - BREACH OF EXPRESS WARRANTY

48.      That Plaintiff repleads the allegations contained in paragraphs one (1) through forty-seven (47) above and by this reference incorporates the same as if fully set forth herein.

49.     That Remington and Marlin Firearms made an affirmation of a promise providing a five year limited warranty against defects in material and workmanship in the 1895 Rifle.

50.     That Remington and Marlin Firearm's express warranty extends to Plaintiff as he is a person who may be reasonably expected to use the 1895 Rifle.

51.     That due to the defect in the 1895 Rifle, Remington and Marlin Firearm's breached the express warranty.

52.     That this breach of express warranty was a direct and proximate cause of Plaintiff's injuries.

53.     That Plaintiff requests a trial by jury on Count II of his Petition.

WHEREFORE, Plaintiff respectfully requests this court proceed with Count II of his Petition against Defendants Remington and Marlin Firearms for a trial by jury providing for compensatory damages, court costs, and any other further relief as the court deems equitable and any and other just compensation.

## VII.    COUNT III - INHERENTLY DANGEROUS ACTIVITY

54.     That Plaintiff repleads the allegations contained in paragraphs one (1) through fifty-three (53) above and by this reference incorporates the same as if fully set forth herein.

55.     That Iowa Shooting is a corporation in the business of operating a firing range upon its premises.

56.     That the operation of the firing range is an inherently dangerous activity.

57.     That Plaintiff was injured upon the premises of Iowa Shooting while partaking in the inherently dangerous activity of firing a rifle at the firing range.

58.     That the firing of the rifle during Plaintiffs partaking in the inherently dangerous activity was a direct and proximate cause of his injuries.

59.     That Plaintiff requests a trial by jury on Count III of his Petition.

WHEREFORE, Plaintiff respectfully requests this court proceed with Count III of his Petition against Defendant Iowa Shooting for a trial by jury providing for compensatory damages, court costs, and any other further relief as the court deems equitable and any and other just compensation.

## VIII.   COUNT IV - NEGLIGENT SUPERVISION

60.     That Plaintiff repleads the allegations contained in paragraphs one (1) through fifty-nine (59) above and by this reference incorporates the same as if fully set forth herein.

61.     That Iowa Shooting had a duty to properly supervise those individuals who are using firearms upon their premises.

62.     That Iowa Shooting breached their duty to properly supervise Plaintiff as he was firing the round which exploded.

63.     That this failure to properly supervise Plaintiff was a direct and proximate cause for the injuries to Plaintiff.

64.     That Plaintiff suffered damages from the injuries sustained by the negligent supervision of the firing of the 1895 Rifle.

65.     That Iowa Shooting has been identified as a potential third party in Remington's affirmative defense, therefore they are being named as a party for any comparative fault for any negligence.

66.     That Plaintiff requests a trial by jury on Count IV of his Petition.

WHEREFORE, Plaintiff respectfully requests this court proceed with Count IV of his Petition against Defendant Iowa Shooting for a trial by jury providing for compensatory damages, court costs, and any other further relief as the court deems equitable and any and other just compensation.

Respectfully Submitted,

*/s/ Jeffrey M. Lipman*_____
Jeffrey M. Lipman      AT#: 0004738
LIPMAN LAW FIRM, P.C.
8450 Hickman Road, Ste 16
Des Moines, Iowa 50325
Phone: (515) 276-3411
Fax:    (515) 276-3736
Email:  lipmanlawfirm@aol.com
ATTORNEY FOR PLAINTIFF

Original Filed

Copy to:

Richard Sapp & David Bower
Nyemaster Goode, West, Hansell &
O'Brien, P.C.
700 Walnut St., Ste. 1600
Des Moines, IA 50309
ATTORNEY FOR DEFENDANTS

Edwin T. Brondo, Jr.
Renzulli Law Firm, LLP
81 Main St., Ste. 508
White Plains, New York 10601

**Proof of Service**
**The undersigned certifies that the foregoing instrument was served upon each of the persons identified as receiving a copy by delivery in the following manner on the 27th day of December, 2011**

|   | | | |
|---|---|---|---|
| __X__ | US Mail | ____ | Fax |
| ____ | Hand Delivery | ____ | Overnight Courier |
| ____ | Federal Express | ____ | Other |
| __X__ | ECF System Participant (Electronic Service) | | |

Signature:  */s/ Jack W. Leverenz*_____